United States District Court
Southern District of Texas

**ENTERED**

June 23, 2022

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **SAMANTHA CANALES POMPA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:21-CV-73** |
| | § | |
| **WAL-MART STORES TEXAS, L.L.C.,** | § | |
| ***et al.,*** | § | |
| | § | |
| **Defendants.** | § | |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Opposed Motion for Leave to File Second Amended Complaint. (Dkt. No. 24). Plaintiff seeks to amend her complaint and properly identify one of the Jane Doe defendants as Blanca Barcenas, a Wal-Mart employee and citizen of Texas. (*Id.* at 1). Defendants have responded. (Dkt. No. 28).

After considering the parties arguments and applicable law, the Undersigned recommends[1] that the District Court grant Plaintiff's Opposed Motion for Leave to Amend, (Dkt. No. 24), and, because the Court lacks subject-matter jurisdiction, dismiss[2] this action without prejudice.

---

[1] Ordinarily, a motion to amend the pleadings "is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. 09-2168, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, when a party moves to amend its pleading by naming a non-diverse party, courts have treated such motions as dispositive because they "will determine whether [the] Court continues to have diversity jurisdiction over [the] matter[.]" *Vessell v. Wal-Mart Stores, Inc.*, No. CIVA 07-228 JJBCN, 2008 WL 2700010, at *2 (M.D. La. July 9, 2008); *e.g.*, *Bares v. Progressive Gulf Ins. Co.*, No. CV 19-707-JWD-EWD, 2020 WL 1882910, at *1 (M.D. La. Mar. 28, 2020), *R. & R. adopted*, No. CV 19-707-JWD-EWD, 2020 WL 1880778 (M.D. La. Apr. 15, 2020); *cf. Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990). Therefore, out of an abundance of caution, the Undersigned issues the following report and recommendation for the consideration of the District Court.

[2] The parties suggest that the Court should remand this action to state court if it determines it lacks subject-matter jurisdiction. (*E.g.*, Dkt. No. 30 at 2). However, this is not a removal case. Plaintiff originally filed this action in federal court. (Dkt. No. 1). Therefore, "the appropriate inquiry is whether the case should be dismissed, not whether it should be remanded." *Aetna Cas. & Sur. Co. v. Pendleton Detectives of Mississippi, Inc.*, 969 F. Supp. 415, 417 (S.D. Miss. 1997); *see, e.g.*, *Brown v. McDermott, Inc.*, No. CIV.A. 11-1465, 2012 WL 1135772, at *3 (E.D. La. Apr. 4, 2012), *R. & R. adopted*, No. CIV.A. 11-1465, 2012 WL 1565521 (E.D. La. May 1, 2012).

I. BACKGROUND

### A. Procedural History

This action involves a claim for personal injuries that occurred in a Wal-Mart store in Laredo, Texas. Plaintiff, a citizen of Texas, alleges that, on or about July 18, 2020, she was shopping in a Wal-Mart store in Laredo and a Wal-Mart employee (or employees) "came through some swinging doors" that hit her and caused her to fall and sustain injuries. (Dkt. No. 1 at 3). Plaintiff filed this action originally in this Court on July 21, 2021 and named Defendants Wal-Mart Stores Texas, L.L.C., as well as John Doe, "an unknown employee of Defendant and, upon information and belief, . . . a resident citizen of the State of Texas."[3] (Dkt. No. 1 at 1).

Following the Initial Pretrial and Scheduling Conference, the Court entered a Scheduling Order which, in relevant part, set Plaintiff's deadline to amend pleadings as August 1, 2022. (Dkt. No. 11 at 1). On December 17, 2021, Plaintiff filed her first motion to amend her complaint. (Dkt. No. 19). According to her first motion, "counsel for Plaintiff has learned that Plaintiff was struck by two separate female employees of" Wal-Mart and sought to amend to remove Defendant John Doe and add two Jane Doe defendants. (*Id.* at 2). In her motion, Plaintiff further announced her intent to substitute the Jane Doe defendants for their true names once she learned their true identities. (*Id.* at 1–2). Defendants did not oppose this motion. (*Id.* at 3). The Court granted the unopposed motion on December 22, 2021. (Dkt. No. 20).

### B. Plaintiff's Motion for Leave to Amend

On March 9, 2022, Plaintiff filed her instant motion for leave to file her Second Amended Complaint. (Dkt. No. 24). In her motion, Plaintiff states that she seeks to substitute one of the Jane Doe defendants with her true name, Blanca Barcenas. (*Id.* at 1). As grounds for her motion, Plaintiff states that her amendment identifying Ms. Barcenas was "based on correspondence from [defense counsel] regarding the results of the investigation by Wal-Mart regarding the identity of the Jane Does." (*Id.* at 2). In her

---

[3] Alleging the citizenship of an unknown individual, without more, is "unfounded guesswork." *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 449 (S.D.N.Y. 2014) (declining to find diversity jurisdiction where plaintiff named Doe defendants, but also alleged their citizenship). The Court cannot rest jurisdiction upon such plainly conclusory allegations. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

motion, Plaintiff acknowledges that the amendment would create a potential jurisdictional defect through the addition of a non-diverse defendant. (*Id.* at 1).

Defendants responded to Plaintiff's motion on March 24, 2022. (Dkt. No. 28). Defendants summarize the parties' attempts to identify the Doe defendant over the course of this litigation. (*Id.* at 1–2). Defendants state that Wal-Mart preserved video of the area surrounding the part of the store where the alleged incident took place. (*Id.* at 1). After discussing the issue of the Doe defendant's identity, the parties conferred several times and Defendants "went through the entire roster of approximately 75 female employees working the day of the incident to identify Doe[.]" (*Id.* at 2). According to Defendants, they were only able to narrow the list to 15 potential employees and, on December 7, 2021, Defendants "informed Plaintiff that it could not identify Doe . . . but that the best candidate might be Defendant's employee, Blanca Barcenas." (*Id.* at 2). Two days later, Defendants state that Plaintiff "changed her mind about Doe and alleged for the first time that there were actually two Does," and provided descriptions of two different individuals. (*Id.*). On May 12, 2022, the Court held a hearing on the instant motion and heard argument from the parties. (Min. Entry May 12, 2022).

## II. LEGAL STANDARDS

### A. Diversity Jurisdiction

"The district courts of the United States … are courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 645, 552 (2005). Absent constitutional or statutory authority, cases are presumed to lie outside the Court's limited federal jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) (per curiam) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Under diversity jurisdiction, federal courts have subject-matter jurisdiction over cases where complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)–(b). "[C]omplete diversity requires that all persons on one side of a controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 830, 536 (5th Cir. 2017) (alteration in original) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Amendments to Pleadings

In the Fifth Circuit, a proposed amendment to substitute a named party for a fictitious party is evaluated under Rule 15 of the Federal Rules of Civil Procedure. *See Magee v. Dicks Sporting Goods, Inc.*, No. 3:20-CV-00418, 2020 WL 5539795, at *2 (W.D. La. Aug. 31, 2020), *R. & R. adopted*, No. 3:20-CV-00418, 2020 WL 5535018 (W.D. La. Sept. 15, 2020) (citing *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001)). If the deadlines to amend as a matter of course have passed, Rule 15 provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, "[a] court must have a 'substantial reason' to deny a party's request for leave to amend." *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) ("[T]here is a strong presumption in favor of granting leave to amend[.]"). Substantial reasons for denying leave to amend include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).

However, when a party seeks to amend a pleading to include a nondiverse defendant, the standard set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) governs. *See Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 n.11 (5th Cir. 1991); *Am. Legend Homes v. Navigators Specialty Ins. Co.*, No. 4:19-CV-00035, 2019 WL 5721634, at *2–5 (E.D. Tex. Nov. 5, 2019) (applying only *Hensgens* in an original diversity case); *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F. Supp. 3d 719, 726–28 (S.D. Tex. 2016) (same, in a removal case). If a proposed amendment seeks to include a nondiverse defendant, the court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens*, 833 F.2d at 1182. The Fifth Circuit has articulated four factors— referred to as the *Hensgens* factors—which a court should weigh when scrutinizing an amendment to add a nondiverse party. *Id.* A court should consider (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction;" (2) "whether the plaintiff

has been dilatory in asking for an amendment;" (3) "whether the plaintiff will be significantly injured if the amendment is not allowed;" and (4) "any other factors bearing on the equities." *Id.*

## III. DISCUSSION

### A. The *Hengsens* Factors

Regardless of whether Blanca Barcenas is an indispensable party,[4] the *Hengsens* factors weigh in favor of granting leave to amend.

#### 1. Purpose of the Amendment

Under this factor, courts may look to the plaintiff's original forum as an indication of the plaintiff's purpose in amending her pleading. *See Brown*, 2012 WL 1135772, at *2. Courts also consider "(1) whether the plaintiff knew the identity of the non-diverse defendant when the [suit] was filed and (2) whether the plaintiff has stated a valid claim against the nondiverse defendant." *Casey v. B H Mgmt. Servs. Inc.*, No. 5:18-CV-00947, 2021 WL 6077623, at *3 (W.D. La. Apr. 22, 2021); *e.g.*, *Richardson*, 192 F. Supp. 3d at 726. If a plaintiff knew a nondiverse defendant's identity when he filed suit and failed to name him as a party, but later moves to add that defendant, there is at least a "suggestion" that the purpose of the amendment is to defeat federal jurisdiction. *Casey*, 2021 WL 6077623, at *3. Similarly, "when a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing [that defendant] into a litigation is to destroy diversity jurisdiction." *Cinco Bayous, LLC v. Samson Expl., LLC*, No. 1:19-CV-452, 2020 WL 4922329, at *3 (E.D. Tex. Aug. 20, 2020).

The first *Hengsens* factor weighs in favor of granting Plaintiff's amendment. The Court observes that Plaintiff originally filed her case in federal court. (Dkt. No. 1). This suggests that Plaintiff accepts a federal forum and, by extension, that the purpose of the

---

[4] The Fifth Circuit has rejected the significance of the indispensable/permissive party divide, stating that "the balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Hengsens*, 833 F.2d at 1182. Thus, the Court's only task is to balance the *Hengsens* factors. *See, e.g.*, *Gallegos v. Safeco Ins. Co. of Indiana*, No. CIV.A. H-09-2777, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2009); *Rosa v. Aqualine Res., Inc.*, No. CIV.A.3:04-CV-0915-B, 2004 WL 2479900, at *1 (N.D. Tex. Oct. 28, 2004). Nonetheless, the Court observes that Ms. Barcenas is, most likely, merely a permissive party. *See Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) ("It is well-established that Rule 19 does not require the joinder of … principal and agent.").

amendment is not to defeat federal jurisdiction. *See Brown*, 2012 WL 1135772, at *2. Second, there is no indication Plaintiff knew or should have known the identity of the nondiverse defendants. As alleged in her complaint, Plaintiff did not know the identity of the defendant employee who caused the swinging door to strike her when she originally filed her suit. (Dkt. No. 1 at 1, 3–4). Additionally, Plaintiff only amended her complaint to name Ms. Barcenas after Defendants conducted their own investigation into who the Jane Doe employee could be and identified Ms. Barcenas as the "best candidate." (Dkt. No. 28 at 2–3). This strongly suggests that Plaintiff did not know the identity of Ms. Barcenas at the time she brought her suit.

Finally, Plaintiff has stated a valid cause of action against Blanca Barcenas. Under Texas law, an employee in a premises liability action is not personally liable for torts committed while acting in the course and scope of his employment. *See, e.g.*, *Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 479–81 (S.D. Tex. 2008) (discussing Texas law). However, an employee may be personally liable if he breaches "an independent duty of reasonable care" he owed to the injured party that is separate from the employer's duty. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). In other words, if an employee "played a personal and active role in creating the dangerous condition at issue, then an independent duty of care existed[.]" *Flores v. Wal-Mart Stores Texas, L.L.C.*, No. CV B-16-73, 2016 WL 3794761, at *3 (S.D. Tex. June 17, 2016), *R. & R. adopted*, No. CV B-16-073, 2016 WL 3826288 (S.D. Tex. July 12, 2016) (citation omitted).

Here, Plaintiff alleges that Jane Doe—now identified as Blanca Barcenas—breached an independent duty she owed to Plaintiff. (*E.g.*, Dkt. Nos. 21 at 3–5, 24-1 at 3–5). Specifically, Plaintiff alleges that Ms. Barcenas was "directly and personally involved in creating an unreasonably dangerous condition through [her] use and movement of the cart and/or the manner which [she] opened the swinging doors" which injured Plaintiff. (*E.g.*, Dkt. No. 24-1 at 5). Accepting her allegations as true, Plaintiff has stated a facially plausible cause of action against Blanca Barcenas. *See, e.g.*, *Flores*, 2016 WL 3794761, at *3–4 (holding cause of action existed against employee who negligently operated shopping cart with umbrella pole sticking out that struck plaintiff). Taken together, this Court finds that Plaintiff's purpose in amending her complaint was to defeat federal jurisdiction and, thus, this factor weighs in favor of granting leave to amend. *See Cinco*

*Bayous, LLC*, 2020 WL 4922329, at *3.

### 2. Diligence in Requesting the Amendment

Next, the Court considers Plaintiff's diligence in seeking her amendment and whether or not she was dilatory in doing so. Courts consider the amount of time that has passed between a plaintiff's motion to amend and the beginning of the suit. *See B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *3 (W.D. La. Dec. 20, 2019), *aff'd sub nom. B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369 (5th Cir. 2022). Generally, a plaintiff is not dilatory "when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred." *Am. Legend Homes*, 2019 WL 5721634, at *3. Finally, amendments in light of newly-discovery facts are typically not dilatory. *See Cinco Bayous, LLC*, 2020 WL 4922329, at *5 (collecting cases); *Ogunro v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:18-CV-1784-B, 2019 WL 111213, at *3 (N.D. Tex. Jan. 4, 2019).

Here, there is no indication Plaintiff has been dilatory. Plaintiff initiated this suit on July 21, 2021, (Dkt. No. 1), and she filed the instant motion to amend on March 9, 2022. (Dkt. No. 24). Although Plaintiff's motion comes over seven months after she filed suit, her motion still falls well within the scheduling order deadline of August 1, 2022. (Dkt. No. 11 at 1). On its own, this suggests Plaintiff's amendment is not dilatory. *See, e.g.*, *Team Express Distrib. LLC v. Junction Sols., Inc.*, No. 5:15-CV-994-DAE, 2016 WL 3081020, at *2 (W.D. Tex. May 31, 2016) ("Where a party files a motion to amend by the court-ordered deadline, there is a presumption of timeliness."). And although discovery is ongoing, no trial date has been set in this case and the parties have not filed dispositive motions. This also suggests that Plaintiff has not been dilatory in amending her complaint. *See Cinco Bayous, LLC*, 2020 WL 4922329, at *4 (finding plaintiff was dilatory, in part, because "significant activity" had occurred in the case, such as "extensive discovery" and dispositive motions).

Importantly, Defendants first informed Plaintiff that Ms. Barcenas "might have been Doe" on or about January 31, 2022. (*See* Dkt. No. 28 at 3). Thus, the "relevant benchmark" for evaluating diligence is how soon Plaintiff moved to amend from this point. *See Ogunro*, 2019 WL 111213, at *3. On February 21, 2022, Plaintiff informed Defendants of her intent to amend her complaint. (Dkt. No. 24 at 2). After several

attempts at conferring with Defendants, Plaintiff filed her motion to amend on March 9, 2022. (*Id.* at 2–3). In these circumstances, the Court does not consider the approximately five-week delay in moving to amend to be dilatory. *See Ogunro*, 2019 WL 111213, at *3 (noting that a one-month delay from the date that Plaintiff learned new, relevant facts would not be dilatory). Overall, this factor weighs in favor of allowing the amendment.

### 3. Prejudice if Amendment is Denied

The Court must also consider the potential prejudice to Plaintiff if her proposed amendment is not granted. In evaluating prejudice, courts consider "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Anzures v. Prologis Texas I LLC,* 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (citation omitted). If the current defendant is able to satisfy a future judgment, then courts typically find no prejudice. *Id.* (citing cases). The primary concern, however, is "whether denying the amendment would create inconsistent or inefficient parallel proceedings between state and federal courts." *Am. Legend Homes*, 2019 WL 5721634, at *4 (citations omitted); *Holcomb v. Brience, Inc.*, No. 3:01-CV-1715-M, 2001 WL 1480756, at *3 (N.D. Tex. Nov. 20, 2001) ("The main concern expressed in *Hensgens* was the possibility of parallel federal and state proceedings."). "[T]he potential for parallel proceedings weighs in favor of granting leave to amend." *Cinco Bayous, LLC*, 2020 WL 4922329, at *5 (citation omitted).

Overall, Plaintiff is likely to be prejudiced if her amendment is denied. Nothing in the record suggests that Defendant Wal-Mart Stores Texas, LLC will be unable to satisfy a future judgment. This consideration weighs against granting Plaintiff's amendment. *See, e.g.*, *Cinco Bayous, LLC*, 2020 WL 4922329, at *5 (citing cases); *B.A. Kelly Land Co.*, 2019 WL 13115363, at *3–4. However, as discussed *supra*, Plaintiff states a viable claim against Ms. Barcenas. Thus, there is an inherent risk of creating duplicative litigation by denying the amendment and forcing Plaintiff to potentially pursue her claims against Ms. Barcenas in state court. *See Casey*, 2021 WL 6077623, at *3–4. Notably, at the May 12, 2022 motion hearing, Plaintiff announced her intention to pursue her claims against Ms. Barcenas in state court, if necessary. On balance, this factor weighs in favor of granting Plaintiff's amendment. *See id.* at *3–4; *Am. Legend Homes*, 2019 WL 5721634,

at *4.

### 4. Factors Bearing on the Equities

Finally, the Court must consider any other equitable factors. Under this factor, courts weigh considerations of fairness and judicial economy, which are already typically covered by the first three *Hensgens* factors. *Am. Legend Homes*, 2019 WL 5721634, at *4. However, courts may also deny an amendment if there is evidence suggesting the plaintiff's bad faith. *See B.A. Kelly Land Co.*, 2019 WL 13115363, at *4 (denying leave to amend, in part, because plaintiff sought to "escape an adverse ruling").

The Court cannot identify any other equitable factors which would favor either party's position. Nothing in the record indicates Plaintiff has made the amendment for a bad faith reason. To the contrary, Plaintiff has been up-front since the beginning of the case about her desire to amend and name the Wal-Mart employee who allegedly caused her injuries. (Dkt. No. 10 at 2). The only argument Defendants have advanced—in their filings and during the motion hearing—is that, in their view, Plaintiff has not been sufficiently diligent in her efforts to identify Ms. Barcenas. (Dkt. Nos. 28 at 4, 30 at 1–2). According to Defendants, Plaintiff should not be permitted to amend her complaint based solely on Defense counsel's representation that Ms. Barcenas is likely Jane Doe and, instead, should be required to perform some discovery. (Dkt. No. 28 at 4). In support of this argument, Defendants cite exclusively to Rule 11's requirement that factual allegations in pleadings must have evidentiary support. (Dkt. No. 30 at 1–2).

Defendant's argument is unpersuasive. As an initial matter, the text of Rule 11 itself cuts against Defendant's argument that Plaintiff's amendment is unsupported. Rule 11 provides that "factual contentions [must] have evidentiary support *or* … will likely have evidentiary support *after* a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(3) (emphases added). Plaintiff's amendment is based on Defense counsel's own representation that Blanca Barcenas is the "best candidate" for Jane Doe. (Dkt. No. 28 at 2–3). Counsel's representation that Ms. Barcenas is probably Jane Doe is a reasonable basis for concluding that future discovery will "likely" produce evidence to support Plaintiff's allegations against Ms. Barcenas. Fed. R. Civ. P. 11(b)(3). Moreover, "[T]he central purpose of Rule 11 is to deter baseless filings in district court[.]" *Sistrunk v. Haddox*, No. 18-CV-0516, 2019 WL 1212945, at *3 (W.D. La. Feb. 26, 2019),

*R. & R.*, No. 18-CV-0516, 2019 WL 1212110 (W.D. La. Mar. 14, 2019). In the circumstances of this case, Plaintiff's desire to substitute Blanca Barcenas can hardly be considered "baseless."

To the extent Defendant's argument is, substantively, an argument that Plaintiff's amendment is futile, this argument also fails. An amendment is futile if the amended complaint would not survive a Rule 12(b)(6) motion to dismiss. *E.g.*, *SMH Enterprises, L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 562 (E.D. La. 2022). In other words, if the amended complaint contains "sufficient factual matter" to state a plausible claim on its face, then the amendment is not futile. *Id.* (footnote omitted). When analyzing futility, the Court must "accept all well-pleaded facts as true." *Id.* (footnote omitted).

In her proposed amended complaint, Plaintiff names Blanca Barcenas as one of the employees who struck her with the swinging doors. (Dkt. No. 24-1 at 5). Accepting this allegation as true, Plaintiff has stated a plausible cause of action against Ms. Barcenas, as discussed *supra*. Of course, future evidence may reveal that Ms. Barcenas is, in fact, not the employee who caused the swinging doors to strike Plaintiff. At that point, the proper vehicle for disposing of the claims against Ms. Barcenas would be, for example, a motion for summary judgment. *See* Fed. R. Civ. P. 56(a). However, as of now, Plaintiff has pled sufficient facts to meet the low threshold of plausibility and, consequently, her amendment is not futile. Overall, this factor weighs neutrally since neither party has offered another equitable reason in support of their position.

In summary, three of the *Hensgens* factors weigh in favor of granting Plaintiff's amendment and the fourth factor is neutral. Thus, this Court finds and recommends that Plaintiff should be granted leave to amend her complaint and substitute Blanca Barcenas for the Jane Doe defendant. Furthermore, because Ms. Barcenas is alleged to be a Texas citizen, there is no longer complete diversity, and this case must be dismissed. Fed. R. Civ. P. 12(h)(3).

## IV. RECOMMENDATION

For the reasons discussed above, the Undersigned hereby **RECOMMENDS** that the District Court **GRANT** Plaintiff's Opposed Motion for Leave to File Second Amended Complaint, (Dkt. No. 24), and **DISMISS** this action for lack of subject-matter

jurisdiction, without prejudice.

## V. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review de novo those portions of the report or specified proposed findings or recommendations to which the party objects. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. *Id.* The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**SIGNED** on June 23, 2022.

John A. Kazen
United States Magistrate Judge