United States District Court
Southern District of Texas
**ENTERED**
October 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SAMANTHA CANALES POMPA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-73 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The United States Magistrate Judge has issued a Report and Recommendation (the "Report") (Dkt. No. 45). The Report recommends the following: (1) Plaintiff's motion for leave to file a second amended complaint should be granted and (2) because a non-diverse party would be joined, the case should be dismissed for lack of subject matter jurisdiction (Dkt. Nos. 24, 45). Defendants have filed objections, to which Plaintiff has filed a response (Dkt. Nos. 54, 56).

Having considered the pleadings, arguments, and applicable authorities, the Court agrees with the Magistrate Judge's findings and recommendations. Defendants' objections are therefore **OVERRULED** and the Report (Dkt. No. 45) is hereby **ADOPTED**. Plaintiff's motion (Dkt. No. 24) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

## I.   BACKGROUND

Last year, Plaintiff filed an original complaint against Wal-Mart Stores Texas, LLC (Wal-Mart) and a John Doe Defendant (Dkt. No. 1). According to the original complaint, while Plaintiff was shopping at a Wal-Mart store, an unknown Wal-Mart employee "came through some swinging doors" that hit her and caused her to fall (*id.* at 2–3). The original complaint was then superseded by a first amended complaint, which alleged that two Jane Does employed by Wal-Mart caused her injuries—not a John Doe (Dkt. No. 21 at 2–3).

Now before the Court is Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 24). The proposed second amended complaint identifies one Jane Doe Defendant as Blanca Barcenas, a Wal-Mart employee and alleged Texas citizen (Dkt. Nos. 24, 24-1). Because the Court's subject matter jurisdiction was based on diversity jurisdiction, the proposed amendment implicated the Court's power to hear this case (Dkt. No. 10 at 2). The parties briefed the issue, and the Magistrate Judge filed the instant Report (Dkt. Nos. 29, 30, 45).

## II.   LEGAL STANDARD

A party who files timely objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, the district court need not consider frivolous,

conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds*, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Findings or recommendations not challenged by objections will be reviewed only for plain error. *United States v. Soto*, 734 F. App'x 258, 259 (5th Cir. 2018).

## III.  ANALYSIS

In the Report, the Magistrate Judge concluded that, based on the four factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), Plaintiff's motion for leave to amend should be granted and the case should be dismissed for lack of subject matter jurisdiction (Dkt. No. 45). The Court agrees.

### A.  Factor One — Purpose of the Amendment

As to the first factor, the Magistrate Judge concluded the purpose of Plaintiff's proposed amendment was not to defeat federal jurisdiction (Dkt. No. 45 at 5–6). The Magistrate Judge reached this conclusion in part because Plaintiff alleged a viable claim against Barcenas (Dkt. No. 45 at 5–6). Defendants raise one contention. They argue that, in light of recent developments in the case, Plaintiff can no longer state a claim against Ms. Barcenas (Dkt. No. 54 at 6–7). They rest their argument on Plaintiff's deposition of Barcenas on May 20, 2022: Because Plaintiff "now knows what Barcenas looks like," she "should have been able" to identify Barcenas as one of the Jane Does (*id.* at 3). Instead, in the ensuing weeks, Plaintiff discovery requests indicated she had not discerned the Jane Doe Defendants' identities (*id.* at 5–6). These actions, Defendants urge, are inconsistent with Plaintiff's belief that Barcenas

3

is one of the Jane Does (*id.* at 6). Therefore, Defendants believe Plaintiff cannot state a viable claim against Barcenas (*id.* at 6–7).

This argument fails. First, Defendants offer no legal authority to support their objection. By citing no law, Defendants have not shown the Magistrate Judge erred in his analysis. Further, the Court cannot consider these extraneous facts in its analysis. When evaluating the viability of Plaintiff's claims under *Hensgens*, the Court employs the familiar Rule 12(b)(6) standard. *See, e.g.*, *Trippodo v. SP Plus Corp.*, No. 4:20-cv-4063, 2021 WL 2446204, at *3 (S.D. Tex. May 21, 2021), *R. & R. adopted*, 2021 WL 2446191 (S.D. Tex. June 15, 2021) (compiling cases). Under Rule 12(b)(6), a court *must* accept all well-pleaded facts as true and limit its review to "the face of the pleadings." *Alamo Forensic Servs., LLC v. Bexar Cnty.*, 861 F. App'x 564, 567 (5th Cir. 2021) (citation omitted). Documents may be considered part of the pleadings if they are attached to the complaint. *Carter v. Target Corp.*, 541 F. App'x 413, 418 n.2 (5th Cir. 2013). Where a document is referenced in a motion to dismiss, a court can consider that document if it is "referred to in the plaintiff's complaint *and* [is] central to her claim." *Id.* (emphasis added). Here, Plaintiff's deposition transcript and discovery requests are not referenced in her pleadings—nor could they be. The Court is therefore prohibited from considering them when evaluating the viability of her claim against Barcenas. Defendants' objection on this point is therefore **OVERRULED AS FRIVOLOUS**.

### B. Factor Two — Diligence

Here, the Magistrate Judge concluded Plaintiff was diligent in seeking her amendment and her diligence weighed in favor of granting Plaintiff's motion (Dkt.

No. 45 at 7–8). Because neither party objected to these conclusions, they have waived their right to a *de novo* review of this recommendation. The Court has reviewed the Report and found no plain error as to this factor.

## C. Factor Three — Prejudice to Plaintiff

As to the third factor, the Magistrate Judge reasoned, in part, that Plaintiff would be prejudiced if her amendment was denied because she would have to pursue her claims against Barcenas separately in state court (Dkt. No. 45 at 8). Defendants' only objection is that, in light of the developments described above, Plaintiff is unlikely to sue Barcenas in state court (Dkt. No. 54 at 7). As the Magistrate Judge recognized, because Plaintiff has alleged a plausible claim against Barcenas, "there is an inherent risk of creating duplicative litigation." (Dkt. No. 45 at 8) (citing *Casey v. B H Mgmt. Servs. Inc.*, No. 5:18-cv-947, 2021 WL 6077623, at *3–4 (W.D. La. Apr. 22, 2021)). Moreover, Plaintiff has expressly noted that she intends to pursue her claims against Barcenas (*see* Dkt. No. 56). Because denying leave to amend would require Plaintiff to manage two lawsuits in two fora, Plaintiff would be prejudiced. The Court agrees that this factor weighs in favor of granting leave to amend. Defendants' objection is **OVERRULED**.

## D. Factor Four — Other Equitable Factors

Finally, the Magistrate Judge examined other equitable factors and concluded the fourth *Hensgens* factor weighed neutrally (Dkt. No. 45 at 9–10). Defendants object on several grounds. First, they contend that "it would be bad faith to allow the Court" to dismiss this case "without some clarification from Plaintiff as to whether or not she still believes Barcenas was involved in the incident or still intends to pursue claims

against her." (Dkt. No. 54 at 7). Defendants cite no case law to support their argument. Nor do they attempt to define what constitutes bad faith or how Plaintiff's actions constitute bad faith. This objection is **OVERRULED**.[1]

Defendants also appear to argue that Plaintiff's amendment violates Rule 11. They aver a subsequent deposition of a Wal-Mart employee suggests Barcenas is not a Jane Doe Defendant, and therefore, the motion for leave violated Rule 11. This objection is without merit. "Rule 11 compliance is . . . measured at the time the filing is signed." *See Quantlab Techs. Ltd. (BVI) v. Godlevsky*, 719 F. Supp. 2d 766, 780 (S.D. Tex. 2010). Confining the inquiry to the information Plaintiff had at the time she sought leave, the Court cannot conclude Plaintiff acted improperly when she sought to join Barcenas. This objection is **OVERRULED**.

Finally, Defendants challenge the Magistrate Judge's conclusion that adding Barcenas would not be futile under Rule 12(b)(6). They argue that identifying Barcenas as the cause of Plaintiff's injuries is not plausible and should not be taken as true. But the case law is clear: For the purposes of a 12(b)(6) inquiry, the Court *must* accept Plaintiff's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."). Essentially, Defendants' objection asks this Court to defy Supreme Court precedent. The Court will not do so. This objection is **OVERRULED AS FRIVOLOUS**.

---

[1] In Plaintiff's reply brief, Plaintiff argues that "ample evidence" supports her allegation that Barcenas was one of the Jane Doe Defendants, and she "simply seeks to add Ms. Barcenas" to the lawsuit (Dkt. No. 56). Thus, it appears Plaintiff still believes Barcenas was involved in the incident and intends to pursue her claims against Barcenas.

## IV.  CONCLUSION

Having overruled Defendants' objections and finding no plain error in the remainder of the Magistrate Judge's Report, the Report (Dkt. No. 45) is hereby **ADOPTED** as the findings and conclusions of the Court. Plaintiff's motion for leave to file a second amended Complaint (Dkt. No. 24) is **GRANTED**. Because a non-diverse defendant is now a party to this case, the Court lacks subject matter jurisdiction. Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE**.

All relief not previously granted is hereby **DENIED**. The Clerk of Court is **DIRECTED** to close this action.

It is so **ORDERED**.

**SIGNED** October 7, 2022.

Marina Garcia Marmolejo
United States District Judge